■ In the Matter of SHERRY HOUSE ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [717 NYS2d 1] —Judgment (denominated an order), Supreme Court, New York County (Diane Lebedeff, J.), entered December 27, 1999, which denied the landlord's challenge to respondent agency's November 13, 1998 rollback assessment for rent overcharge, and dismissed this proceeding, unanimously reversed, on the law, without costs, and the petition to vacate and annul the rollback determination granted.

Respondent Kandel moved into the subject apartment in February 1987, under a two-year residential lease with rent at $1,800 per month. In January 1988 this tenant filed a rent overcharge complaint, alleging that his predecessor, a group of professional tenants, had paid substantially lower rent. Petitioner landlord responded that the predecessor tenants had actually paid a substantially *higher* rent ($22,800). The tenant then submitted documents to show that the prior commercial use was illegal as contrary to the certificate of occupancy. Even though no violations of the certificate could be cited, the tenant argued that the prior illegal lease could not be used as a basis for establishing his lawful rent for the apartment, and that he should be entitled to review a full rental history of the apartment. The Rent Administrator denied the complaint, holding that the prior occupancy had been registered with the Division of Housing and Community Renewal (DHCR) as a commercial unit, and that the current tenant's initial legal regulated rent ($1,800) was properly established in his initial lease, in accordance with the Rent Stabilization Code (RSC) (9 NYCRR 2521.1 [b] [1]). The tenant filed a petition for

administrative review (PAR) in 1991, challenging the denial of his rent overcharge complaint. Almost four years later he sought to supplement his submission in that still-undecided PAR by stating, *inter alia,* that RSC § 2521.1 (b) (1) was inapplicable because the landlord had never filed a valid (residential) registration with DHCR, and of course had never served such a valid registration upon the professional tenants in occupancy at the time. In its 1996 decision, DHCR rejected this supplemental submission as untimely and denied the tenant's PAR, ruling that issue before the Rent Administrator had long ago been joined on a rent history that included the commercial use of this apartment. The tenant then successfully challenged that ruling in a CPLR article 78 proceeding, and upon remand and a new hearing, DHCR again ruled that the legal regulated rent was that agreed to in the 1987 vacancy lease. In a second article 78 proceeding, the landlord addressed the merits of the tenant's new theory in support of his belatedly submitted rent overcharge claim, namely, the allegedly invalid initial registration, a point that DHCR had earlier rejected as untimely raised. In 1998 DHCR once again ruled that the initial rent established upon vacancy of the professional occupancy in 1987 was $1,800 per month, but now, reversing course, held that because the current tenant had never been served with a copy of the initial amended (RR-1) registration form, the rent had to be considered frozen at that rate, retroactively, until the landlord completed its registration requirements, before rent could (only prospectively) be fixed at the current legal rate of $2,407.10. This rollback to 1987 resulted in an overcharge of $46,409.50, including $10,788.88 in interest. No treble damages were awarded, in accordance with Rent Stabilization Law of 1969 ([RSL] Administrative Code of City of NY) § 26-516 (a).

In the current article 78 proceeding, it is the landlord who now challenges DHCR's latest ruling. The court dismissed the petition, noting that the Rent Stabilization Law requires initial registration of stabilized apartments (RSL § 26-517 [c]), and the timely filing of an "initial or annual rent registration statement" (§ 26-517 [e]) and service of the "annual statement" upon "each tenant then in occupancy" (§ 26-517 [f]) before a landlord can collect rent in excess of the previously established legal regulated rent. We find this reasoning unpersuasive, and the agency's latest ruling irrational.

The tenant was served with annual rent registration statements, including an initial statement from the commencement of his lease, indicating rent at $1,800 per month, which, it has since been shown, was less than the predecessor professional

tenants had been paying. The Rent Stabilization Law does not require service of an initial registration statement on a subsequent tenant. Furthermore, this matter was laid to rest four years ago in the first article 78 proceeding, wherein DHCR's rejection of the tenant's untimely submission in this regard (*see*, 9 NYCRR 2529.6; *Matter of Levine v New York State Div. of Hous. & Community Renewal*, 243 AD2d 373) was left undisturbed.

Under these circumstances, we need not consider whether the ten-year rent overcharge ruling violates the recently enacted and retroactively applicable four-year limit on such rollbacks (RSL § 26-516 [a]). Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.